`IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| WALLACE GILBERT-MITCHELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | NO. CIV-17-732-HE |
| JIM GERLACH, et al., | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Wallace Gilbert-Mitchell, a state prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action against Jim Gerlach, the Warden at Grady County Law Enforcement Center ("GCLEC"), and Sergeant Owings,[1] a GFLEC guard, in both their individual and official capacities. He asserts multiple claims based on an alleged sexual assault committed by defendant Owings and the general conditions of his confinement, including the number of prisoners in his cell, the alleged lack of medical or mental health services and other asserted deprivations.

Consistent with 28 U.S.C. § 636(b)(1)(B) - (C), the matter was referred for initial proceedings to Magistrate Judge Shon T. Erwin. He reviewed the complaint pursuant to 28 U.S.C. § 1915A(a) and § 1915(e)(2)(B) and issued a Report and Recommendation ("Report"). He recommends the court dismiss as moot the claims for injunctive relief

---

[1] *Plaintiff apparently is unclear as to the spelling of the Sergeant's last name, as he refers to him in both the caption and body of the complaint as Owings (Owens). The magistrate judge refers to the defendant as Owings and the court will do the same.*

against both defendants; dismiss with prejudice the claims for declaratory relief against both defendants; dismiss without prejudice the official capacity claims for monetary damages against both defendants; dismiss without prejudice the individual capacity claims for monetary damages against both defendants based on a theory of "Punishment without Due Process;" dismiss without prejudice the individual capacity Eighth Amendment claim for monetary damages against defendant Gerlach based on the theory that he failed to protect plaintiff from being sexually assaulted; and dismiss without prejudice the individual capacity claims for monetary damages against defendant Gerlach based on plaintiff's alleged unconstitutional conditions of confinement. The magistrate judge determined that plaintiff stated a valid individual capacity Eighth Amendment claim against defendant Owings for monetary damages based on the alleged sexual assault and a valid individual capacity Eighth Amendment claim against defendant Gerlach for monetary damages based on a theory that he failed to protect plaintiff after learning of the alleged sexual assault. He recommended that plaintiff be granted leave to amend with respect to any claims that are dismissed without prejudice.

    Plaintiff has filed an objection to the Report. He initially challenges the magistrate judge's conclusions regarding his claims for declaratory relief. However, plaintiff misconstrues the basis for the magistrate judge's determination that those claims should be dismissed. The magistrate judge did not conclude that declaratory relief is unavailable because plaintiff is no longer incarcerated at GCLEC. He determined that declaratory relief

is unavailable because plaintiff is merely seeking a declaration that his rights were violated,[2] rather than "assert[ing] a claim for relief that, if granted, would affect the behavior of the particular parties listed in his complaint." Jordan v. Sosa, 654 F.3d 1012, 1025 (10th Cir. 2011). As the magistrate judge correctly noted, "in the context of an action for declaratory relief, a plaintiff must be seeking more than a retrospective opinion that he was wrongly harmed by the defendant." *Id.* Plaintiff's claims for declaratory relief will be dismissed with prejudice.

Plaintiff next challenges the magistrate judge's dismissal of his claims against the defendants in their official capacities. He asserts, citing his sworn declaration which he attached to his objection, that GCLEC is a private company and that he has sued defendants Gerlach and Owings "in their official capacities as employees of the private company GCLEC." Doc. #10, pp. 3-4. Plaintiff's obvious goal is to attempt to recover punitive damages from GCLEC by characterizing it as a private, rather than public, correctional facility. There are several problems with his argument. An employee of an entity that operates a private correctional facility does not have an official capacity as that term is used under the Eleventh Amendment. *See* Jones v. Barry, 33 Fed. Appx. 967, 971 n.5 (10th Cir. 2002). GCLEC is a county facility, not a private entity. Finally, as the magistrate judge correctly concluded, plaintiff's allegations fall short of what is required to state claims against the two defendants in their official capacities. He has not pleaded that "a municipal

---

[2] *Plaintiff is not "bring[ing] a lawsuit challenging policies that apply in a generally uniform fashion throughout a prison system. . . ."* Jordan*, 654 F.3d at 1028.*

3

policy or custom was the moving force behind the constitutional deprivation[s]." Campbell v. City of Spencer, 777 F.3d 1073, 1077 (10th Cir. 2014) (internal quotation marks omitted). Plaintiff's official capacity claims against defendants Gerlach and Owings will be dismissed without prejudice.

As for plaintiff's objections to the magistrate judge's recommended dismissal of his punishment without due process claim, his claim that defendant Gerlach failed to protect plaintiff from the sexual assault before it occurred, and his claims based on the conditions of his confinement at GCLEC, the court agrees with the magistrate judge that those claims, as presently pleaded in the complaint, are deficient for the reasons stated in the Report. The court cannot consider allegations plaintiff includes in his objection when determining whether he has sufficiently stated a claim in his complaint. It can only consider what is alleged in the complaint. The magistrate judge recommended, though, that plaintiff be permitted to amend those claims.

Accordingly, the court adopts Magistrate Judge Erwin's Report and Recommendation [Doc. #10]. The court dismisses as moot the claims for injunctive relief against both defendants;[3] dismisses with prejudice the claims for declaratory relief against both defendants; dismisses without prejudice the official capacity claims for monetary damages against both defendants; dismisses without prejudice the individual capacity claims for monetary damages based on a theory of "Punishment without Due Process;"

---

[3] *Plaintiff did not object to this portion of the Report and thereby waived his right to challenge it. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010); see 28 U.S.C. §636(b)(1)(C).*

4

dismisses without prejudice the individual capacity Eighth Amendment claim for monetary damages against defendant Gerlach based on the theory that he failed to protect plaintiff from being sexually assaulted;[4] and dismisses without prejudice the individual capacity claims for monetary damages against defendant Gerlach based on plaintiff's alleged unconstitutional conditions of confinement. Plaintiff is granted leave to amend the claims dismissed without prejudice to correct the deficiencies identified in the Report. Any amended complaint must be filed by **January 5, 2018**. This order does not terminate the referral.

**IT IS SO ORDERED**.

Dated this 11th day of December, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[4] *The court has considerable doubt whether a claim is stated against Gerlach for monetary damages based on Gerlach's alleged failure to protect plaintiff from a potential future assault. However, it is unnecessary to address or resolve the issue now.*