# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| WALLACE GILBERT-MITCHELL, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) NO. CIV-17-0732-HE |
| JIM GERLACH, *et al.*, | ) |
| Defendants. | ) |

# ORDER

Plaintiff Wallace Gilbert-Mitchell, appearing *pro se* and *in forma pauperis*, filed this § 1983 action against Jim Gerlach, the Warden at Grady County Law Enforcement Center ("GCLEC"), and Sergeant Nathan Owings, a GCLEC guard, in both their individual and official capacities. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred for initial proceedings to Magistrate Judge Shon T. Erwin. Pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2)(B), Judge Erwin reviewed the complaint and issued a Report and Recommendation recommending that the court dismiss the majority of plaintiff's claims. Doc. # 7. After plaintiff objected to the Report, upon *de novo* review, the court adopted the Report and granted plaintiff leave to file an amended complaint. Doc. 11.

Plaintiff never filed an amended complaint. Thus, the only claims that remain are Eighth Amendment claims against the defendants in their individual capacities. Plaintiff claims that defendant Owings sexually assaulted him and that defendant Gerlach failed to protect him from Owings after receiving notice of Owings' alleged assault.

Defendant Gerlach has filed a motion to dismiss the remaining claim against him pursuant to Fed.R.Civ.P. 12(b)(6). Judge Erwin issued a second Report and Recommendation recommending that the motion be denied. Defendant Gerlach has objected to the Report, which triggers *de novo* review by this court of proposed findings or recommendations to which objection has been made.

When considering whether claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the non-moving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To avoid dismissal, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 555 (2007).

The Eighth Amendment protects prisoners against cruel and unusual punishment, which includes a duty that prison officials protect prisoners from violence. Farmer v. Brennan, 511 U.S. 825, 833 (1970). This includes the right to be reasonably protected from sexual assault and the threat of sexual assault. Ramos v. Lamm, 639 F.2d 559, 572 (10th Cir. 1980). "To establish a cognizable Eighth Amendment claim for failure to protect, the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component." Verdecia v. Adams, 327 F.3d 1171, 1175 (10th Cir. 2003) (quotations and citation omitted).

Plaintiff alleges that Gerlach failed to take any corrective action or separate plaintiff from Owings after he was notified that Owings had sexually assaulted him. Doc. # 1, p. 7.

Failure to take corrective steps sufficient to protect prisoners from sexual assault by prison employees after notice of prior sexual assaults by such employees can make out an actionable claim against the prisoner administrator. Tafoya v. Salazar, 516 F.3d 912, 917 (10th Cir. 2008). Plaintiff's allegations are sufficient to suggest both a substantial risk of serious harm and that the warden knew of it but did nothing.

Defendant Gerlach argues, however, that plaintiff's claim must be dismissed because "Plaintiff simply did not suffer any cognizable constitutional harm after Defendant Gerlach was notified of the alleged sexual assault." Doc. # 46, p. 4. While the absence of any further assault after the warden acquired knowledge may limit or preclude recovery of meaningful compensatory damages, it does not preclude the establishment of a constitutional violation and the recovery of nominal damages. Searles v. Van Bebber, 251 F.3d 869, 876 (10th Cir. 2001).

Therefore, plaintiff has adequately stated a claim against defendant Gerlach. The Report and Recommendation [Doc. # 44] is **ADOPTED**. Defendant Gerlach's Motion to Dismiss [Doc. # 25] is **DENIED**. This order does not terminate the referral.

**IT IS SO ORDERED**.

Dated this 7th day of March, 2019.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE