IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WALLACE GILBERT-MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-17-0732-HE |
| | ) | |
| JIM GERLACH, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Plaintiff Wallace Gilbert-Mitchell, a federal prisoner appearing *pro se* and *in forma pauperis*, filed this § 1983 action against Jim Gerlach, the Warden at the Grady County Law Enforcement Center, and Sergeant Owings, a Grady County guard, in both their individual and official capacities. He asserted multiple claims based on a sexual assault allegedly committed by defendant Owings and on general conditions of confinement.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the court referred the case to U.S. Magistrate Judge Shon T. Erwin for initial proceedings. Judge Erwin issued a Report and Recommendation recommending the that all claims be dismissed except the individual capacity Eighth Amendment claim against defendant Owings, based on the alleged sexual assault, and an individual capacity Eighth Amendment claim against defendant Gerlach for failure to protect plaintiff after learning of the alleged assault. The court adopted the Report and dismissed the other claims. Judge Erwin then ordered the production of a special report, which was provided in due course and discovery and other matters were litigated at length.

Judge Erwin later transferred the case to U.S. Magistrate Judge Amanda Green. After further proceedings, both defendants moved for summary judgment. Judge Green has now issued a Report and Recommendation recommending that both motions be denied. Defendant Gerlach has objected to the Report, triggering *de novo* review of factual and legal matters to which objection has been made. Plaintiff and defendant Owings have not objected to the Report, thereby waiving their rights to appellate review of the factual and legal issues it addressed. Casanova v. Ulibarri, 595 F.3d 1120, 1123 (10th Cir. 2010).

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute as to a material fact exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." Carter v. Pathfinder Energy Servs., Inc., 662 F.3d 1134, 1141 (10th Cir. 2011) (quotations and citation omitted).

Inmates have "a constitutional right to be secure in [] bodily integrity and free from attack by prison guards." Keith v. Koerner, 843 F.3d 833, 837 (10th Cir. 2016) (quotations and citation omitted). To establish liability as to defendant Gerlach in the circumstances alleged here, plaintiff must establish an "affirmative link" between defendant Gerlach's conduct "and the constitutional violation, which requires proof of three interrelated elements: (1) personal involvement; (2) causation; and (3) state of mind." *Id.* at 838 (quotations and citation omitted). Further, to find a prison official "liable of deliberate indifference under the Eighth Amendment, the official must know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from

which the inference could be drawn that a substantial risk of harm exists, and he must draw the inference." Perkins v. Kansas Dept. of Corr., 165 F.3d 803, 809 (10th Cir. 1999) (quotations and citation omitted).

Defendant Gerlach objects to the Report on the basis that no constitutional violation has been shown. Gerlach argues that plaintiff did not suffer any sexual assault or physical injury after Gerlach was informed by plaintiff of defendant Owings' alleged sexual assault, nor was he deliberately indifferent to plaintiff's safety. However, viewing the evidentiary submissions in the light most favorable to plaintiff and as described more fully in the Report, plaintiff has offered evidence sufficient to create a question of fact as to whether he had further contact with Owings after Gerlach was notified of the alleged assault but failed to timely prevent the further contact. Although plaintiff apparently does not contend any further sexual contact with Owings occurred, he presumably contends assaultive behavior of some kind occurred and that he suffered some heightened mental anguish from the alleged further exposure to Owings.[1] Further, while the evidence of Gerlach's deliberate indifference to plaintiff's circumstances is thin and disputed by defendants, it is sufficient to create a justiciable issue of fact as to that issue.

To the extent defendant Gerlach relies on 42 U.S.C. § 1997e(e) and the absence of further physical injury to plaintiff, the statute does not prevent liability here. The statute

---

[1] *Plaintiff's complaint alleges that after defendant Owings sexually assaulted him "Gerlach failed to protect plaintiff and once notified of the sexual assault failed to take any corrective action, or separate plaintiff from Owings." Doc. #1, p. 7. Further, plaintiff's declaration provided in opposition to defendant Gerlach's motion for summary states that he "verbally communicated to Gerlach that [he] had been sexually assaulted after the assault occurred, and again asked that Owings be kept away from me." Doc. 188-1, p. 4.*

provides: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." Here, plaintiff's evidence is sufficient to raise a genuine dispute as whether there was the prior commission of a sexual act. Therefore, the statute does not preclude plaintiff's claim against Gerlach. Further, to the extent that Gerlach contends plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, the court concludes, substantially for the reasons stated in the Report, that disputed issues of fact preclude judgment against plaintiff on the basis of failure to exhaust.

Finally, defendant Gerlach objects to the Report's conclusion that he is not entitled to judgment on the basis of qualified immunity. He contends no constitutional violation by him has been shown and that the law as to his potential liability is not clearly established. As discussed above, plaintiff's evidence is sufficient to create a justiciable question as to whether Gerlach was deliberately indifferent to his rights and hence whether a constitutional violation was committed. As to the "clearly established" requirement, the court concludes, for substantially the reasons stated in the Report, that the law is established at a sufficient level of particularity to put a warden on notice of the need for prompt protective action in the circumstances which, according to plaintiff's evidence, existed here.

Accordingly, the Report and Recommendation [Doc. #223] is **ADOPTED** and defendants' motions for summary judgment [Doc. Nos. 181 & 182] are **DENIED**.

As the case has now progressed to the trial stage, plaintiff is directed to advise the court by an appropriate filing within **twenty-one (21) days** whether he seeks to have counsel appointed to assist him as to further proceedings. Although there is no entitlement to counsel in these circumstances and no assurance that volunteer counsel can be obtained, the court will explore options for same if plaintiff so requests.

The case will be set for trial in due course.

**IT IS SO ORDERED**.

Dated this 21st day of February, 2023.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE